**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00384-REB-MJW

NIKKI CHRISTENSEN and CLAY CHRISTENSEN, on behalf of the decedent,
STORMY NICOLE CHRISTENSEN,

    Plaintiffs,

v.

BNSF RAIL WAY COMPANY, a Delaware corporation,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**Blackburn, J.**

This matter is before me on **Defendant BNSF's Motion To Dismiss Plaintiffs' First Claim for Relief in the Amended Complaint** [#4], filed February 23, 2007. The plaintiffs filed a response [#5], and the defendant filed a reply [#6]. The complaint at issue is the plaintiffs First Amended Complaint [#3], filed February 23, 2007. I grant the motion.

Initially, this case was filed in state court. On February 23, 2007, the defendant removed the case to this court. The amended complaint, the motion to dismiss, the response, and the reply all were filed before the defendant filed its notice of removal. As a result, the filing dates for each of these documents are the same, February 23, 2007.

**I. JURISDICTION**

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

1

## II.  STANDARD OF REVIEW

The defendant cites FED. R. CIV. P. 12(b)(5) as the basis for its motion.  *Motion to dismiss*, ¶ 1.  The argument in the motion, however, indicates clearly that the defendant seeks dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6).  Thus, I treat the defendant's motion as a motion to dismiss brought under FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting **Bell Atlantic Corp. v. Twombly**, – U.S. –, 127 S.Ct. 1955, 1969, 1974, – L.Ed.2d – (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." *Id.* (emphases in original).[1]

### III.  ANALYSIS

This case concerns an accident at a railroad crossing.  According the plaintiffs' allegations, Stormie Christensen, a ten year old child, was walking down a pedestrian path with her cousin, Samantha Roberts.  The pedestrian path intersects with railroad tracks in the town of Hudson, Colorado.  The defendant, BNSF Railway Company (BNSF), operates trains on these railroad tracks.  A BNSF train was approaching the crossing as the girls drew near to the intersection between the pedestrian path and the railroad tracks.  As the train approached, Stormie "took off running, telling Samantha Roberts that she could 'make it.'" *First Amended Complaint*, ¶ 23.  Stormie was struck by the train and killed.

BNSF is the only defendant named in the First Amended Complaint.  In their first claim for relief, the plaintiffs assert a negligence claim against BNSF based on the allegedly negligent acts of omissions of the BNSF employees who were operating the train at the time of the accident.  The plaintiffs allege that BNSF is liable for the negligence of these employees under the doctrine of respondeat superior.

In their second claim for relief, the plaintiffs assert a claim against BNSF under the Colorado premises liability statute, §13-21-115, C.R.S., which provides, in relevant

---

[1] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  The Tenth Circuit has noted that the relationship between the standard announced in *Bell Atlantic Corp.* and the Supreme Court's contemporaneous decision in *Erickson v. Pardus*, – U.S. –, 127 S.Ct. 2197, 2200, – L.Ed.2d – (2007), in which the Supreme Court upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. July 13, 2007).  Nevertheless, my decision with respect to the 12(b)(6) motion would be the same under either the old *Conley v. Gibson* "no set of facts" standard or the *Bell Atlantic Corp.* plausibility standard.  *See id.*

part:

> (2) In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.
>
> \* \* \* \*
>
> (3)(b) A licensee may recover only for damages caused:
>
> (I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or
>
> (II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.

§13-21-115, C.R.S. The plaintiffs allege that BNSF was and is a landowner and that Stormie was a licensee, as those terms are defined in § 13-21-115. *First Amended Complaint*, ¶¶ 30, 31.

In its motion to dismiss, BNSF argues that the plaintiffs' first claim for relief, their negligence claim against BNSF, must be dismissed because §13-21-115(3) provides the exclusive remedy against a landowner, as that term is defined in the statute, for "injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property . . . ." §13-21-115(2) and (3), C.R.S. I agree.

The plaintiffs allege in their second claim for relief that BNSF was and is a landowner, as defined in §13-21-115(1). This is a judicial admission. The property at issue, of course, is the area where BNSF's tracks cross the pedestrian path and where Stormie was hit by BNSF's train. The plaintiffs' claim in their first claim for relief concerns "the condition of such property, or activities conducted or circumstances

existing on such property . . . ." §13-21-115(2).  Under these circumstances, the statute provides, "the landowner shall be liable only as provided in subsection (3) of this section." §13-21-115(2).  In their negligence claim, the plaintiffs seek to hold BNSF liable on some other basis, namely the common law of negligence.  As a matter of law, this negligence claim is precluded by §13-21-115, C.R.S.

## IV.  ORDER

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant BNSF's Motion To Dismiss Plaintiffs' First Claim for Relief in the Amended Complaint** [#4], filed February 23, 2007, is **GRANTED**;

2.  That the plaintiffs' first claim for relief, as asserted in the plaintiffs' First Amended Complaint [#3], filed February 23, 2007, is **DISMISSED** under FED. R. CIV. P. 12(b)(6).

Dated September 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**

5